## GERBIG v. NEW YORK, L. E. & W. R. CO.

(Supreme Court, General Term, Second Department. February 13, 1893.)

1. PERSONAL INJURIES TO EMPLOYE—DEFECTIVE APPLIANCES—EVIDENCE.

In an action against a railroad company for personal injuries caused by the giving way of a partition in a coal bin in which plaintiff was employed by defendant, it appeared that the partition was constructed of hemlock timber, in the usual way, and that the accident was not caused by an unsafe or faulty plan of construction. *Held*, that it was error to permit a witness to testify that, in his opinion, hemlock was not proper material to be used for such structure.

2. SAME—MANNER OF CONSTRUCTION.

It appeared that braces of timber were connected with the partition, and run into the next bin, so that the weight of the coal therein, when it was filled, would hold the partition, and that such bin was filled at the time. *Held*, that it was error to admit evidence that, in the opinion of the witness, such braces were not sufficient to hold the crib work.

Appeal from circuit court, Rockland county.

Action by George Gerbig against the New York, Lake Erie & Western Railroad Company for personal injuries caused by defendant's negligence. From a judgment for plaintiff, and from an order denying its motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Lewis E. Carr, for appellant.
Arthur S. Tompkins, for respondent.

BARNARD, P. J.  The plaintiff, on the 27th day of November, 1891, was injured by the giving way of a partition by which a great mass of coal was thrown upon him.  He was an employe of the defendant, and was loading coal from a bin on the pier at Piermont.  After the bin in which he was working had been partially removed, the partition between this bin and the next one east gave way, causing the accident.  The partition was constructed with hemlock timber.  The partition and bins were constructed in the usual way, and there was no objection that the accident was caused by an unsafe or faulty plan.  Proof was given tending to show that the timber (hemlock) was such as is commonly used for that purpose.  Under this state of the evidence, it was improper to permit this question: "You have made cribs or bins or partitions to hold quantities of coal,—fifty or a hundred tons.  Is hemlock a proper material to use for that purpose?"  The question was objected to, and admitted under defendant's exception.  The answer was as follows: "Well, it depends altogether on how you use it, of course.  If you use hemlock alone, it is not worth much; but, where I have built bins, we take posts of chestnut, and then board them up.  Well, the posts hold, certainly.  The hemlock is just to keep the coal from running in through the posts.  Question. Would the hemlock alone be sufficient to support?  (Same objection. ruling, and exception as before.)  Answer. No; it would not."  It was error to permit the question of the sufficiency of the anchors.  It was proven that braces of timber were connected with the partition, and run into the next bin, so that the weight of the coal in that bin, when it was filled, would hold, by means of these braces or anchors to the partition.  The coal being filled in these braces, and holding them by its weight, a question was received, under defendant's exceptions, that they were not sufficient to hold the crib work.  The court of appeals, in a recent case, has examined the admissibility of such testimony.  Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. Rep. 486.  Under that case these questions were not proper, as exceptions to the general rule of evidence that testimony should consist of facts, and not opinions; that, whenever opinions are admitted, it is in cases where the facts are not descriptive, and cannot intelligently be communicated to others.  Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. Rep. 179.  It is not therefore necessary to examine the question whether the proof established a case of negligence on the part of the defendant, under all the proof, as it was given, and assuming this evidence to have been properly received.  A new trial may change it.  The judgment and order denying a new trial should be reversed, and a new trial granted, costs to abide event.  All concur.